IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| EFREN ANGUIANO-MAGANA, | ) | |
| | ) | 3: 11-cv-00131-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| STEVE FRANKE, | ) | |
| | ) | |
| Respondent. | ) | |

    Harold P. DuCloux, III
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Ellen F. Rosenblum
    Attorney General
    Andrew Hallman
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Efren Anguiano-Magana brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his conviction and sentence for sex abuse, unlawful sexual penetration, attempted sexual abuse and identity theft. For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On February 7, 2003, the Deschutes County Grand Jury returned an indictment charging Anguiano-Magana with six (6) counts of Sexual Abuse in the First Degree, one count of Unlawful Sexual Penetration in the First Degree, one count of Attempted Sexual Abuse in the First Degree and two (2) counts of Identity Theft. Respondent's Exhibit 102. Anguiano-Magana pled guilty to the identity theft charges and a jury found him guilty on the remaining counts. The sentencing court imposed a sentence totaling 190 months. Respondent's Exhibit 101.

Anguiano-Magana directly appealed his conviction and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion. State v. Anguiano-Magana, 195 Or. App. 762, 100 P.3d 218 (2004). Anguiano-Magana did not seek review by the Oregon Supreme Court and the appellate judgment issued on December 15, 2004. Respondent's Exhibit 103.

2 - FINDINGS AND RECOMMENDATION

Anguiano-Magana signed a petition for post-conviction relief ("PCR") in state court on December 23, 2008. The PCR trial court denied the petition as untimely. Anguiano-Magana, Umatilla County Circuit Court Case No. CV08-2004; Respondent's Exhibit 107. On appeal, the Oregon Court of Appeals affirmed without written opinion, and the Oregon Supreme Court denied review. Anguiano-Magana, 236 Or. App. 268, 236 P.3d 851 (2010), rev. denied 349 Or. 245, 245 P.3d 129 (2010). The appellate judgment issued on January 11, 2011. Respondent's Exhibit 114.

On February 2, 2011, Anguiano-Magana filed this action. His claims are as follows:

1. Ground One: Ineffective Assistance of Trial counsel.

   Supporting Facts: Conviction obtained by use of unlawful confession o[f] statements. Petitioner is a Mexican National, and upon arrest he was never told of his rights in regards to contacting the Mexican Consulate. Petitioner was interviewed using a parole officer for an interpreter, not an uninterested neutral third party. Trial counsel failed to object or file a motion to keep these unlawfully obtained statements out of trial.

2. Ground Two: Inadequate assistance of appellate counsel.

   Supporting Facts: Appellate Counsel failed to notify petitioner of the two year statute of limitations in which to file a petition for post conviction relief. Appellate counsel's last letter to petitioner simply stated that he was not going to file a petition for review with the Oregon Supreme Court, since he believed there was no colorable claim of error. All of appellate counsel's communications with petitioner were in english. Petitioner does not speak english, and therefore would not reasonably understand the communications.

///

3 - FINDINGS AND RECOMMENDATION

3. Ground Three: Ineffective assistance of trial counsel.

   Supporting Facts: At sentencing, petitioner was sentenced to 115 months in prison on count 7, which was a measure 11 charge, carrying a sentence of 100 months incarceration. To sentence petitioner to more than 100 required a departure, which the court was not authorized to make. Trial counsel never objected to the unlawful departure sentence, failing to preserve the issue for appeal.

4. Ground Four: Ineffective assistance of appellate counsel.

   Supporting Facts: Appellate counsel failed to perform his duties by simply filing a balfour brief on behalf of petitioner. The balfour brief procedure violated due process by only affording a one tier review system, and affording no review by a Court.

Respondent asks the Court to deny relief on the Petition on the basis it is time barred under 28 U.S.C. § 2244 and Anguiano-Magana cannot establish entitlement to equitable tolling.

## DISCUSSION

### I. The Petition is Untimely.

The parties agree that Anguiano-Magana failed to timely file this federal habeas petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the statute, the one year period begins to run from the date the judgment becomes final at the conclusion of direct review "or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). A direct appeal becomes final upon the later of: (1) the expiration of the time

for seeking review in the relevant state supreme court; or (2) if a petitioner seeks review in the Supreme court, the conviction is affirmed or the petition for certiorari is denied. Gonzalez v. Thaler, 132 S.Ct 641, 654-55 (2012); Hemmerle v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007), cert. denied, 555 U.S. 829 (2008). The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding or other collateral review. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

In this case, the Oregon Court of Appeals issued their appellate judgment related to Anguiano-Magana's direct appeal on December 15, 2004. Accordingly, his conviction became final on January 20, 2005[1] when he failed to file a petition for review with the Oregon Supreme Court. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period began to run on that date and he had until approximately January 20, 2006 to file a timely federal habeas corpus petition. As noted above, Anguiano-Magana signed his state post-conviction petition on December 23, 2008. Therefore, between January 20, 2005 and December 23, 2008, approximately 1,433 days accrued on the limitations period. Moreover, as respondent indicates, Anguiano-Magana filed for state post-conviction relief

---

[1] ORAP 9.05(2)(a) provides "any party seeking to obtain review of a decision of the Court of Appeals shall file a petition for review with the Supreme Court within 35 days after the date of decision of the Court of Appeals."

5 - FINDINGS AND RECOMMENDATION

well beyond the two year statute of limitations for filing such an action. Accordingly, he is not entitled to tolling for the period his post-conviction action was proceeding through the state courts. See Pace, 544 U.S. at 410 (holding that untimely state post-conviction petition is not "properly filed" within the meaning of § 2244(d)(2)). Regardless, because Anguiano-Magana filed the instant proceeding well after the AEDPA one-year statute of limitations expired, his federal habeas petition is untimely.

## II. Petitioner Has Not Demonstrated That Equitable Tolling Is Justified.

### A. Standards

The United States Supreme Court has determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). A petitioner is only entitled to equitable tolling if he can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)(internal quotations and citations omitted); Holland, 130 S.Ct. at 2563. A petitioner also must show that the extraordinary circumstances were the cause of his untimeliness and made it impossible to timely file his petition. Ramirez, 571 F.3d at 997; Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 549 U.S. 1317 (2007).

6 - FINDINGS AND RECOMMENDATION

B.  **Analysis**

Anguiano-Magana argues he is entitled to equitable tolling of the one-year AEDPA statute of limitations because: (1) his appellate counsel failed to advise him that a final judgment had been entered in his case until fourteen months after the fact; (2) appellate counsel failed to advise him of his options for challenging his convictions; (3) appellate counsel wrote to him in English; (4) there are no Spanish legal materials in the Two Rivers Correctional Institution ("TRCI") law library; and (5) Anguiano-Magana does not speak, understand, read or write English.

Anguiano-Magana does acknowledge that his appellate counsel advised him on October 18, 2004 that the Oregon Court of Appeals had affirmed his convictions on direct appeal and that counsel would not be filing a petition for review with the Oregon Supreme Court. Nevertheless, Anguiano-Magana argues he is entitled to equitable tolling because counsel did not disclose the fact that the Oregon Court of Appeals entered final judgment on December 15, 2004 and did not advise him of his options for challenging his convictions until 14 months later. Reply [26] at 3. In essence, Anguiano-Magana contends he is entitled to equitable tolling because of his attorney's negligence in failing to notify him that final judgment had been entered and of the AEDPA's one-year filing deadline. Attorney negligence, however, is not a sufficient basis for applying equitable tolling to the 2244(d)(1) limitations

7 - FINDINGS AND RECOMMENDATION

period. Holland, 130 S.Ct. 2549; Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn, 345 F.3d at 800; Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Only attorney misconduct that is sufficiently egregious to meet the extraordinary conduct standard can be a basis for applying equitable tolling. Spitsyn, 345 F.3d at 801. Here, even assuming counsel was negligent in failing to advise Anguiano-Magana that final judgment had been entered and notify him of the AEDPA's one-year statute of limitations, such negligence is not sufficiently egregious to meet the "extraordinary misconduct" standard upon which equitable tolling is based.

Moreover, Anguiano-Magana did not exercise due diligence. As noted above, he knew in October 2004 that the Oregon Court of Appeals had affirmed his convictions and that his appellate counsel would not file a petition for review with the Oregon Supreme Court. Nevertheless, there is no evidence that Anguiano-Magana made any inquiries either with counsel or any other source about what steps he should take to further challenge his convictions or whether there were any applicable time limitations. To the contrary, he maintains that he only first learned about the AEDPA time limitation in February 2008 "from Martha from the Federal Public Defender Office, who wrote to me to inform me of this after reviewing my papers." Reply [26], Attached Exhibit 1 (Declaration of Efren Anguiano-Magana), p. 3.

8 - FINDINGS AND RECOMMENDATION

Anguiano-Magana also contends his inability to speak, understand, read and write English warrants equitable tolling. The Ninth Circuit has held that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006). While Anguiano-Magana insists he was unable to comprehend his attorney's correspondence or to obtain legal materials in Spanish at TRCI, a fact verified by respondent, he does not allege that he did not have access to translation services. Instead, the record reveals Anguiano-Magana had access to Spanish-language interpreters during the relevant period when the AEDPA statute of limitations was running. Specifically, Sharon Justus, the TRCI Law Library Coordinator, avers that inmate Anthony Torrez acted as an English/Spanish translator at TRCI from July 2003 to April 2010.[2] Declaration [34] at 2. Moreover, at TRCI, if no Spanish speaking legal assistant or library clerk was available, inmates were permitted to bring a friend into the prison legal library to interpret. Id. According to Justus, "the TRCI Law Library has accomodated all inmate requests for English/Spanish

---

[2] Torrez was not available from October 2004 to December 2004. Declaration [34] at 2. However, as noted above, the AEDPA statute of limitations pertaining to Anguiano-Magana's action did not begin to run until January 2005.

9 - FINDINGS AND RECOMMENDATION

language translation since [she] started working [t]here in 2001." Id.[3]

Anguiano-Magana does not dispute these assertions pertaining to availability of translation services. Accordingly, because it is evident that he had access to translation services during the relevant period, he has not demonstrated that he is entitled to equitable tolling. Mendoza, 449 F.3d at 2070.

### III. Anguiano-Magana Not Entitled to an Evidentiary Hearing.

Anguiano-Magana seeks an evidentiary hearing to further develop the record on equitable tolling. Specifically, he would "testify regarding facts that led to his guilty verdict, despite his actual innocence" and "would also explain the reasons for his failure to timely file this federal habeas case." Reply [26] at 5-6.

Rule 8 of the Rules Governing Section 2254 Cases expressly authorizes evidentiary hearings. Such hearings typically develop the petitioner's substantive habeas claims, but they also serve to resolve factual issues related to avoidance of procedural default

---

[3] Notably, respondent is mistaken in his assertion that "Petitioner first requested a legal assistant callout with a Spanish-speaking legal assistant on June 29, 2006, **well within the one-year statute of limitation**." Sur-Reply [33] at 5 (emphasis added). In fact, as set forth above, the AEDPA one-year statute of limitation expired on approximately January 20, 2006, several months before Anguiano-Magana's first recorded request for a Spanish-speaking legal assistant was made. Nevertheless, as the Justus declaration makes clear, the opportunity for him to request translation services existed throughout his incarceration at TRCI.

10 - FINDINGS AND RECOMMENDATION

and equitable tolling. If a petitioner alleges facts which, if true, would entitle him to relief, he may be entitled to an evidentiary hearing. See e.g. Mendoza v. Carey, 499 F.3d 1065, 1071, n. 6 (9th Cir. 2006)(stating that remand for evidentiary hearing would clear up factual ambiguities about allegations that might entitle petitioner to relief). However, if the petitioner's claim can be resolved on the existing record, a federal evidentiary hearing is unnecessary. Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999).

The Court finds that an evidentiary hearing is not necessary because Anguiano-Magana, beyond a general assertion that he will "testify" as to his actual innocence and "explain" the reasons for his untimely petition, fails "to show what more an evidentiary hearing might reveal of material import on his assertion of actual innocence." See Gandarela v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2002). Because the record is sufficient for the Court to make its determination, there is no need to develop the factual record and Anguiano-Magana's request for an evidentiary hearing is denied. See Spitsyn, 345 F.3d at 802.

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

11 - FINDINGS AND RECOMMENDATION

In addition, the district judge should certify that Anguiano-Magana has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice
///

12 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 14th day of November, 2012.

_____
Paul Papak
United States Magistrate Judge